United States Bankruptcy Court

Middle District of Pennsylvania

In re:  Case No. 25-02579-HWV
Mark Irving Martin  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 2
Date Rcvd: Oct 24, 2025     Form ID: pdf002     Total Noticed: 23

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 26, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Mark Irving Martin, 701 S Middlesex Road, Carlisle, PA 17015-9292 |
| 5741290 | ++ | BARLEY SNYDER, 100 EAST MARKET STREET, YORK PA 17401-1219 address filed with court:, Barley Snyder, Justin A Tomevi, Esquire, 100 E Market street, York, PA 17401 |
| 5747181 | + | Barley Snyder LLP, c/o Scott F. Landis, Esquire, 126 East King Street, Lancaster, PA 17602-2893 |
| 5741292 | | CBC LLC, 2016 TN-75 #6, Blountville, TN 37617 |
| 5741293 | + | Cumberland County Tax Claim Bureau, One Courthouse Square, Room 106, Carlisle, PA 17013-3339 |
| 5741298 | + | JEFFREY R. SCHOTT, ESQ., Scaringi & Scaringi, P.C., 2000 Linglestown Rd, Suite 106, Harrisburg, PA 17110-9347 |
| 5741303 | + | Tbom Retail/MILSTONE, PO BOX 8099, Newark, DE 19714-8099 |
| 5741304 | + | VA Mortgage Guarantee, Dept Vet Affairs, 1240 E Ninth St, Cleveland, OH 44199-2001 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5741289 | + | Email/Text: bankruptcy@500fastcash.com | Oct 24 2025 18:41:00 | 500FASTCASH.COM, 515 G SE, MIAMI, OK 74354-8224 |
| 5741291 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 24 2025 18:49:26 | CAPITAL ONE BANKRUPTCY NOTICES, PO BOX 30285, Salt Lake City, UT 84130-0285 |
| 5744450 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 24 2025 18:49:03 | Capital One N.A., by AIS InfoSource LP as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 5741294 | + | Email/Text: GenesisFS@ebn.phinsolutions.com | Oct 24 2025 18:41:00 | FEB Destiny, 15220 NW Greenbrier, Beaverton, OR 97006-5744 |
| 5741295 | + | Email/PDF: ais.fpc.ebn@aisinfo.com | Oct 24 2025 19:00:21 | First Premier Bank, 3820 N Louise Avenue, Sioux Falls, SD 57107-0145 |
| 5741296 | + | Email/Text: Bankruptcy@ICSystem.com | Oct 24 2025 18:41:00 | IC System, PO Box 64378, Saint Paul, MN 55164-0378 |
| 5741297 | | Email/Text: JCAP_BNC_Notices@jcap.com | Oct 24 2025 18:41:00 | Jefferson Capital Systems, PO Box 7999, Saint Cloud, MN 56302-9617 |
| 5741299 | + | Email/Text: bankruptcy@marinerfinance.com | Oct 24 2025 18:41:00 | Mariner Finance, Attn: CEO/PRESIDENT, 8211 Town Center Drive, Nottingham, MD 21236-5904 |
| 5749479 | + | Email/PDF: cbp@omf.com | Oct 24 2025 18:49:02 | OneMain Financial, PO Box 3251, Evansville, IN 47731-3251 |
| 5741300 | + | Email/PDF: cbp@omf.com | Oct 24 2025 18:49:25 | Onemain, Attn: CEO/PRESIDENT, PO Box 3251, Evansville, IN 47731-3251 |
| 5741301 | + | Email/PDF: ebnotices@pnmac.com | Oct 24 2025 18:49:07 | PENNYMAC LOAN SERVICES, LLC, Attn: BK, PO BOX 514387, LOS ANGELES, CA 90051-4387 |
| 5741302 | ^ | MEBN | Oct 24 2025 18:40:11 | PPL Electric Utilities Corp, 827 Hausman Road, |

| | | | |
| --- | --- | --- | --- |
| | | | Allentown, PA 18104-9392 |
| 5744640 | Email/Text: bnc-quantum@quantum3group.com | Oct 24 2025 18:41:00 | Quantum3 Group LLC as agent for, Genesis FS Card Services Inc, PO Box 788, Kirkland, WA 98083-0788 |
| 5741305 | + Email/PDF: Bankruptcynoticeshomelending@wellsfargo.com | Oct 24 2025 18:49:56 | WELLS FARGO BANK NA, ATTN BK 1 HOME CAMPUS, AC X2303-01A 3RD FL, DES MOINES, IA 50328-0001 |
| 5741306 | + Email/PDF: Bankruptcynoticeshomelending@wellsfargo.com | Oct 24 2025 19:00:12 | WELLS FARGO CARD SERVICES, PO BOX 14517, Des Moines, IA 50306-3517 |

TOTAL: 15

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 26, 2025            Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 24, 2025 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| Kara Katherine Gendron | on behalf of Debtor 1 Mark Irving Martin kara.gendron@mottgendronlaw.com;karagendronecf@gmail.com;doriemott@aol.com;mottgendronecf@gmail.com;ecf.mottgendron@gmail.com;MottGendronLaw@jubileebk.net;Gendron.KaraB@notify.bestcase.com |
| Matthew K. Fissel | on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, wbecf@brockandscott.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| IN RE: | CHAPTER 13 |
|---|---|
| **Mark Irving Martin** | CASE NO. 1:25-bk-02579 |

☑ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☑ 2 Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. ☐ Included  ☑ Not Included

2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. ☑ Included  ☐ Not Included

3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. ☐ Included  ☑ Not Included

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $___ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**12,000.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2025 | 09/2030 | $200.00 | 0.00 | 0.00 | $12,000.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $12,000.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B.** **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**182,850.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: **non-exempt proceeds from lawsuit against builder up to the amount necessary to pay plan in full**

**2.** **SECURED CLAIMS.**

**A.** **Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*.

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Cumberland County Tax Claim Bureau | 701 S Middlesex Road Carlisle, PA 17015 | |
| PENNYMAC LOAN SERVICES, LLC | 701 S Middlesex Road Carlisle, PA 17015  Cumberland | 3657 |

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Cumberland County Tax Claim Bureau** | **701 S Middlesex Road Carlisle, PA 17015 Cumberland County Built 2022. House is sinking and needs $438,000 repairs to avoid being condemned. Debtor is undertaking litigation against builder** | $5,152.89 | $0.00 | $0.00 |
| **PENNYMAC LOAN SERVICES, LLC** | **701 S Middlesex Road Carlisle, PA 17015 Cumberland County Built 2022. House is sinking and needs $438,000 repairs to avoid being condemned. Debtor is undertaking litigation against builder** | $0 | $0.00 | $0.00 |

    **D.**    **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
        ☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

    **E.**    **Secured claims for which a § 506 valuation is applicable.** *Check one.*

       ☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

       ☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Mariner Finance | 2011 Audi A4 | $1,414.00 | 7.5% | $1,700.02 | Plan |
| Onemain | 2015 Dodge Durango | $5,700.00 | 7.5% | $6,852.98 | Plan |

    **F.**    **Surrender of Collateral.** *Check one.*

       ☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G.**    **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

       ☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.**    **PRIORITY CLAIMS.**

    **A.**    **Administrative Claims**

       1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

       2. <u>Attorney's fees</u>. Complete only one of the following options:

          a.    In addition to the retainer of $ **0.00** already paid by the Debtor, the amount of $ **5,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b.   $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B. Priority Claims (including, certain Domestic Support Obligations)**

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

  **A. Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one of the following two lines.*

☐ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

☑ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Total Payment | Estimated Total Payment |
|---|---|---|---|---|---|
| Timely filed allowed unsecured claims | 100% | | | | 100% |

  **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☑ closing of case.

**7. DISCHARGE: (Check one)**

4

☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

/s/ **Kara K. Gendron**
**Kara K. Gendron 87577**
Attorney for Debtor

/s/ **Mark Irving Martin**
**Mark Irving Martin**
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5